IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHIARA RYDER.

                    Plaintiff,

            v.

CITY OF SPRINGFIELD,

                    Defendant.

Civ. No. 6:25-cv-01637-AA

**OPINION & ORDER**

AIKEN, District Judge.

On September 22, 2025, the Court granted self-represented Plaintiff Chiara Ryder's Application to Proceed IFP, ECF No. 2, and dismissed the Complaint, ECF No. 1, with leave to amend. ECF No. 9. Plaintiff was given thirty days in which to file an amended complaint. Plaintiff timely filed the Amended Complaint. ECF No. 10. For the reasons set forth below, the Amended Complaint is DISMISSED without further leave to amend.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

Page 1 –OPINION & ORDER

two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

In the Amended Complaint, Plaintiff appears to have dropped her claims against all Defendants except for the City of Springfield. *See* ECF No. 10-1, at 1-2 (civil complaint form listing only the City of Springfield as Defendant).

The facts of this case were discussed in more detail in the Court's prior Opinion & Order, but in general Plaintiff alleges that she was involved in an altercation with the staff of a hotel in Springfield, Oregon and that officers from the Springfield Police Department were summoned. The police escorted Plaintiff from the hotel at the request of hotel management. Plaintiff was not arrested or charged with a crime in connection with the incident, although she was banned from the hotel. Plaintiff has spent considerable time and effort challenging this incident and/or seeking records related to it from the City of Springfield and other governmental entities.

In the Amended Complaint, Plaintiff alleges (1) "Enduring Harm Through Misrepresentation, Mishandling, and Abuse of Authority," Am. Compl. ¶¶ 5-15; (2) "Unlawful Removal and Procedural Violations by Hotel and City Officers," *Id.* at ¶¶ 16-31; (3) "Deliberate Neglect, Misrepresentation, and the Shielding of Misconduct,"

*Id.* at ¶¶ 32-40; (4) "Failure to De-Escalate, Protect, and Uphold Legal Duties—The Human Cost of Systemic Neglect," *Id.* at ¶¶ 41-54; (5) "Avoidance in Place of Accountability," *Id.* at ¶¶ 55-64; (6) "Failure to Act—Personal Hardship and Public Resource Waste," *Id.* at ¶¶ 65-73.  From Plaintiff's accompanying documentation, the Court understands these to be claims under the Fourth and Fourteenth Amendments brought pursuant to 42 U.S.C. § 1983 and under the ADA.  ECF No. 10-1, at 3.

At the outset, the Court notes that, like the original Complaint, much of the Amended Complaint is devoted to allegations of misconduct by the hotel and hotel staff.  *See, e.g.,* Am. Compl. ¶¶ 2 ("I was subjected to deceit, intimidation, mishandling, and deliberate misrepresentation by the General Manager and at least six hotel staff,"); 5 (same) 16 ("The General Manager intentionally misrepresented my guest status . . . reflects deliberate misconduct by both the General Manager and hotel staff.").  As the Court explained in the prior Opinion & Order, the hotel and its staff are not parties to this action and allegations of misconduct by those entities will not suffice to make out a claim against the City of Springfield.

In addition, the Amended Complaint appears to base its claims on the police officers' alleged failure to fully and completely investigate the hotel's complaint against Plaintiff and Plaintiff's counter-complaint against the hotel staff.  *See, e.g.,* Am. Compl. ¶¶ 16 (alleging that the City "refus[ed] to investigate" a "false narrative" against Plaintiff); 18 (alleging police failed to investigate); 22 (same); 25

(same); 26 (same). Plaintiff also alleges that the City failed to investigate Plaintiff's complaints concerning the police officers' alleged failure to investigate and the contents of the police report. *Id.* ¶¶ 27, 30, 33-40. As the Court explained in the prior Opinion & Order, Plaintiff does not have a constitutional right to an investigation. "There is no statutory or common law right, much less a constitutional right to an investigation." *Frisch v. City of Eugene*, Civ. No. 09-6126-TC, 2010 WL 686754, at *3 (D. Or. Feb. 24, 2010); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Clark v. Milwaukie Police Dep't*, Case No. 3:22-cv-00662-SB, 2022 WL 4473487, at *5 (D. Or. Sept. 15, 2022) (a plaintiff "does not have a constitutionally protected right to have the police investigate his report in a particular way, to police protection, or to have the police arrest an alleged assailant."); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty or property."); *Powers v. Layron*, Case No. 21-cv-06382-AGT, 2022 WL 3579887, at *2 (N.D. Cal. Aug. 19, 2022) ("[T]here is no constitutional right to an accurate or favorable" police report). Plaintiff acknowledges that the Court advised her in its prior Opinion & Order that she does not have a constitutional right to a police investigation or a favorable police report, Am. Compl. ¶ 55, but nevertheless Plaintiff asserts at length that the officers and the City failed to investigate her complaints. This claim once again fails.

Similarly, Plaintiff complains of a failure to produce records in response to her record requests, but as the Court previously explained, there is no federal constitutional right to public records pursuant to state or local law. *Steskal v. Benton Cnty.*, No. Civ. 04-6158-TC, 2004 WL 2997461, at \*2 (D. Or. Dec. 27, 2004) ("Generally, access to public records pursuant to state or local law is not a right guaranteed by federal law," and "The only area where the Supreme Court has found a constitutional right of access to public information is in area of criminal trials and criminal proceedings."). Plaintiff was not criminally prosecuted for the incident. This claim once again fails.

Plaintiff appears to assert a § 1983 excessive force claim, but as noted, she has only named the City of Springfield as Defendant and not the individual officer. The claim must fail on this basis alone. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal entities "cannot be held liable under § 1983 on a *respondeat superior* theory" based solely on their employment of the alleged tortfeasor); *Segura v. City of La Mesa*, 647 F. Supp.3d 926, 941 (S.D. Cal. Dec. 23, 2022) ("[A] claim under *Monell* is the only means of asserting a § 1983 claim against a municipality."). Furthermore, even if there were a valid defendant for her § 1983 claim, the claim suffers from the same defect as in the original Complaint in that it alleges only a *de minimis* use of force in the officer taking her by the arm and escorting her off the premises. Courts have held that "the constitution does not protect against *de minimis* uses of force." *Bishop v. San Quentin State Prison Work Place*, No. C 01-3411 SI (PR), 2002 WL 1767416, at \*4 (N.D. Cal. July 29, 2002); *see also Bratcher v. Polk Cnty.*,

Case No. 3:20-cv-02056-SB, 2022 WL 17184419, at *9 (D. Or. Sept. 1, 2022) (finding that a claim for excessive force based on a police officer firmly gripping an arrestee's arm on the way to the patrol car was "a *de minimis* use of force" and "insufficient to support an excessive force claim under the circumstances,"); *Parker v. City of Los Angeles*, Case No. 2:15-cv-04670-SVW-JEM, 2016 WL 9153765, at *7 (C.D. Cal. June 22, 2016) ("Courts have held that a *de minimis* use of force is insufficient to support a claim of excessive force."). The claim once again fails.

Plaintiff's ADA claim also suffers the same defect as in the original Complaint. As the Court previously explained, under Title II of the ADA, "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Ninth Circuit has held that "a Title II claim may arise where police fail to reasonably accommodate the plaintiff's disability in the course of an investigation or arrest, causing the plaintiff to suffer greater injury or indignity in that process than other arrestees." *Mayfield v. City of Mesa*, 131 F.4th 1100, 1109 (9th Cir. 2025) (internal quotation marks and citation omitted, alterations normalized). "To prove that a public program or service violated Title II of the ADA, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability." *Id.*

(internal quotation marks and citation omitted, alterations normalized).  To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination on the part of the state officials.  *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  Here, as with the original Complaint, Plaintiff alleges that the officers should have allowed her fifteen or twenty minutes to compose herself before escorting her off the premises after she was ejected from the hotel as an accommodation for her disability and that they refused to do so.  However, as with the original Complaint, the Amended Complaint again fails to plausibly allege that the refusal to delay Plaintiff's removal was by reason of her disability or that the officers were even aware of her disability.  Plaintiff appears to acknowledge this defect by asserting that she "reserve[s] all rights to assert such claims should further evidence or discovery substantiate them."  Am. Compl. ¶ 4.  This claim again fails.

As with the original Complaint, the Amended Complaint appears to seek to bring a *Monell* claim against the City.  "[L]ocal governmental unit[s] or municipalities can be sued as a 'person' under § 1983."  *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995).  To prevail on a *Monell* claim under § 1983, a plaintiff must demonstrate that a municipal custom or policy caused the violation of a constitutional right.  *Monell*, 436 U.S. at 690.  To establish *Monell* liability, a plaintiff must demonstrate that: (1) the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality has a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

Page 8 –OPINION & ORDER

2011). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out police." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). And if no constitutional violation occurred, a municipal liability claim necessarily fails. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Here, as discussed above, there has been no constitutional violation and so any *Monell* claim fails.

The Court will therefore dismiss the Amended Complaint. As discussed above, the defects in the Amended Complaint are substantially the same as those identified in the Court's Opinion and Order dismissing the original Complaint. The Court concludes that further leave to amend would be futile and so dismissal will be without leave to amend.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 10, is DISMISSED without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 31st day of July 2026.

s/ Ann Aiken
ANN AIKEN
United States District Judge

Page 9 –OPINION & ORDER